Opinion issued January 29, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01353-CR
NO. 01-04-00050-CR
NO. 01-04-00051-CR




LARRY DEWAYNE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 13,619, Ct. I
Trial Court Cause No. 13,619, Ct. II
Trial Court Cause No. 13, 619, Ct. III





MEMORANDUM OPINION

          Appellant, Larry Dewyane Brown, was charged by indictment with three
counts of the felony offense of forgery by possession with intent to pass. Appellant
pleaded not guilty to a jury, which convicted him of the three counts, and the court
assessed punishment at 12 months’ confinement in state jail, to run concurrently. In
four issues, appellant contends that the evidence was factually insufficient to sustain
a conviction in each of the three counts of the indictment, and legally insufficient to
sustain a conviction in count three of the indictment. We affirm.
Background
          John Hsu, the owner of Cowboy’s Corner Saloon in Brenham, Texas, employed
appellant as the manager of the saloon from late January to late March 2002. It was
Hsu’s practice to leave corporate checks, signed with his signature and payee
information, at either the saloon’s cash register or in the office of the adjacent motel
for employees to tender to the payee designated on the check for payment of goods
and services at the saloon.
          Around late March 2002, Hsu discovered that appellant had, without his
permission, altered three corporate checks by changing the payee information and
making two of the checks payable to appellant and one check payable to Rent-A-Center. Hsu fired appellant and reported the offenses to the Brenham Police
Department.Legal Sufficiency
          Appellant’s third issue, which pertains only to count three of the indictment,
alleges that the evidence was legally insufficient to sustain a conviction for forgery. 
Count three concerned check number 2846, in the amount of $390, which was made
payable to Rent-A-Center, dated April 1, 2002, and contained a scratched-out memo
notation of “beer.”
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence, viewed in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all of the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89
(1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In
conducting our review of the legal sufficiency of the evidence, we do not reevaluate
the weight and credibility of the evidence, but ensure only that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 
          To establish the elements of forgery by possession with intent to pass, the State
must prove that appellant, (1) with intent to defraud or harm another, (2) possessed
with intent to pass, (3) a forged writing, (4) knowing such writing to be forged, (5)
and such writing had been altered so that it purported to be the act of another, who
did not authorize the act. See Tex. Pen. Code Ann. § 32.21 (a), (b) (Vernon 2003).
 
          Appellant contends that a rational jury could not have found beyond a
reasonable doubt that he intended to harm or defraud Hsu because appellant altered
check number 2846 after he and Hsu disagreed about appellant’s compensation as
manager of the saloon. Appellant asserts that because Hsu authorized him to alter the
check by making it payable to Rent-A- Center as part of his salary at the bar, the
evidence is legally insufficient to establish that appellant had any intent to defraud
or harm Hsu. Appellant’s legal sufficiency complaint pertains only to the element
concerning whether he possessed the culpable mental state of “intent to defraud or
harm,” and we limit our appellate review to that issue.
          In a forgery case, the culpable mental state of “intent to defraud or harm” can
be inferred if the State proves that the defendant knew that the writing in question
was forged. Huntley v. State, 4 S.W.3d 813, 814 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d). Under the Penal Code, “forge” means to alter, make, complete,
execute, or authenticate any writing so that it purports to be the act of another who
did not authorize the act. Tex. Pen. Code Ann. § 32.21(a)(1)(A)(i) (Vernon 2003). 
Because it is undisputed that check 2846 was altered, for the jury to infer intent to
defraud or harm, the State had to prove that Hsu did not authorize the alteration. See
Huntley, 42 S.W.3d at 814.
          Hsu testified that appellant was to be paid on a “profit sharing” plan, by which
he received a percentage of the saloon’s monthly profits as his compensation. If the
saloon did not return a profit for a particular month, appellant would not be paid. Hsu
repeatedly denied that appellant would receive a base salary of $2000 per month plus
profit sharing, but acknowledged that he paid appellant one or two $500 bonuses to
encourage him to do a good job. Hsu specifically denied that he gave appellant, or
anyone else, permission to alter check 2846.
          Appellant did not testify, nor did any other witness testify concerning the salary
agreement between Hsu and the appellant or the reasons for altering check number
2846 to make it payable to Rent-A-Center. The only evidence before the jury
concerning appellant’s compensation agreement and the reasons for the alteration of
check 2846 came from Hsu. We conclude that a rational jury could have found
beyond a reasonable doubt that Hsu did not authorize appellant to alter check 2846
for his own benefit. Therefore, the jury was entitled to infer that appellant possessed
the culpable mental state of “intent to defraud or harm.” See Huntley, 42 S.W.3d at
814. Accordingly, after viewing the entire record in the light most favorable to the
prosecution, we hold that the evidence was legally sufficient to support count three
of the indictment. See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Swearingen, 101
S.W.3d at 95.
          We overrule appellant’s third issue.
 
 
Factual Sufficiency
          In issues one, two, and four, appellant contends that the evidence was factually
insufficient to sustain his convictions for forgery, as alleged in counts one, two, and
three of the indictment, respectively.
Standard of Proof
          In reviewing factual sufficiency of the evidence, we consider all the evidence
in a neutral light. Swearingen, 101 S.W.3d at 97. We must reverse a conviction if
the proof of guilt is so weak as to undermine the confidence of the jury’s
determination, or if the proof of guilt, although adequate if taken alone, is greatly
outweighed by the proof of innocence. Id. Although we may disagree with the jury’s
verdict, we must defer to the jury’s determination of the weight and credibility of the
evidence and will reverse the jury’s verdict only to avoid manifest injustice. Id.
          Of the elements of forgery by possession with intent to pass, as set forth above,
appellant’s factual sufficiency complaints pertain only to the element concerning
whether he acted with intent to defraud or harm another. See Tex. Pen. Code Ann.
§ 32.21(b). Accordingly, we limit our factual sufficiency review to that issue.
The Evidence
          Count I – Check 2778
          Count one of the indictment concerned check number 2778, in the amount of
$200, which was made payable to appellant, dated March 23, 2002, and contained the
memo notation “Karaoke (for 2/9/02).” According to appellant, the great weight and
preponderance of the evidence establishes that appellant was authorized to alter check
2778 to reimburse him for saloon expenses that he paid out of his own pocket.
          Hsu testified that he made check 2778 with “Kim West” as the payee to
compensate her for karaoke services at the saloon, and claimed that he did not
authorize alteration of the check’s payee to make the check payable to appellant. Hsu
admitted that he had occasionally instructed employees to alter checks that he had
previously written and signed, but also stated that the employees were supposed to
receive permission from him prior to the change. He also conceded, however, that
he occasionally ratified a check previously altered by an employee.
          Appellant presented evidence that conflicted with Hsu’s version of events. 
West, who was also known as Clara Rosenkrantz, testified that, because no check to
pay her was available, there were times when appellant paid her in cash that she
assumed came from the cash register. Katarina Martin, appellant’s girlfriend who
worked at the saloon as a waitress and bookkeeper, testified that she was present
when Hsu instructed appellant to alter check 2778 as reimbursement for paying West
out of his own pocket. Martin stated that it was not uncommon for Hsu to fail to
provide enough checks to pay all of the expenses for a particular day and that he often
instructed employees to alter checks that he had already signed. Martin further
testified that, on occasion, employees would have to pay expenses out of their own
pocket because they were not able to take money out of the cash register without
Hsu’s authorization. Martin stated that she paid several construction workers out of
her own pocket, and, although Hsu reimbursed her, Hsu stopped payment on the
reimbursement check. Christopher Nieto, a disc jockey who performed at the saloon,
testified that Hsu personally attempted to pay him with a check that had portions
“whited out.” Nieto claimed that when he refused to accept the check, Hsu instructed
appellant to pay him with cash, and to make the altered check payable to appellant for
reimbursement. This practice of altering checks was corroborated by L.B. Brooks,
a five-year veteran employee of Hsu. Brooks worked in the office of the adjacent
Hilltop Motor Inn and testified that he had been instructed by Hsu to alter checks by
“whiting out” the payee information and changing the payee’s name on the check. 
Brooks claimed that Hsu would sometimes say one thing and do another.
          Count II - Check 2866
          Count two of the indictment concerned check number 2866, in the amount of
$500, which was made payable to Larry Brown, dated March 25, 2002, and contained
the memo notation “juice/bounus” [sic]. Appellant contends that the great weight and
preponderance of the evidence establishes that appellant was authorized to alter check
2866 to make it payable to appellant so that appellant could cash the check and tender
the money into one of the saloon’s cash registers.
 
          Hsu testified that he made check 2866 with the payee as “H-E-B” for “juice”
but claimed that he did not authorize either altering the check’s payee to make the
check payable to appellant or changing the memo notation to “juice/bounus” [sic]. 
According to Martin, however, Hsu authorized appellant to alter the check so that
appellant could obtain cash and coins for the saloon to operate a second cash register. 
Neil Kulhanek, the Assistant Vice President of Brenham National Bank, testified that
when appellant cashed the check at the bank, a change-order form was processed as
a part of the same transaction, which indicated that appellant received cash money
and coins for the check. Hsu admitted installing a second cash register at the saloon,
but claimed that he supplied the cash out of his own pocket to run the register.
Count III - Check 2846
          Count three concerned check number 2846, in the amount of $390, which was
made payable to Rent-A-Center, dated April 1, 2002, and contained a scratched-out
memo notation of “beer.” According to appellant, the great weight and preponderance
of the evidence establishes that appellant was authorized to alter check 2846.
          Hsu testified that he made check 2846 with the payee as “Wright Distributing”
for “beer.” He claimed that he did not authorize either altering the check’s payee to
make the check payable to appellant or to Rent-A-Center or changing the memo
notation by scratching out the word “beer.” 
          Appellant bases this factual sufficiency challenge on testimony indicating that
Hsu had authorized appellant to alter other checks in the past and that he openly
remitted the check to a Rent-A-Center employee at the saloon.
Analysis
          The only direct evidence that conflicted with Hsu’s came from Martin,
appellant’s girlfriend, concerning the two checks made payable to appellant. 
According to Martin, Hsu allowed appellant to alter check 2778, as reimbursement
for paying West out of his own pocket, and to alter check 2866 to make it payable to
appellant so that appellant could cash the check and tender the money into one of the
saloon’s cash registers. By convicting appellant of the three forgeries, the jury
necessarily found Hsu’s testimony, that appellant had no authorization to alter the
checks’s payees, more credible than Martin’s. To find this evidence factually
insufficient, we would have to determine that Hsu was incredible, but thatMartin was
credible. We cannot make these credibility assessments from a cold record. After
giving proper deference to the jury’s determination of the weight and credibility of
the evidence, we cannot conclude that a manifest injustice has occurred. See
Swearingen, 101 S.W.3d at 97.
          Testimony from the other witnesses merely concerned Hsu’s practice of
allowing checks to be altered and appellant’s practice of sometimes paying for goods
or services with cash. This testimony, however, was not specific to the three checks
in the indictment, and thus fails to render incredible Hsu’s testimony concerning the
three checks in the indictment. We properly leave to the jury all decisions to
determine the weight and credibility of the evidence concerning Hsu’s general
practices of altering checks and allowing appellant to pay for services with cash in
determining appellant’s intent. See id.
          Based on a neutral review of all of the evidence, we conclude that the proof
of appellant’s guilt is not so weak as to undermine confidence in the jury’s
determination and make the verdict manifestly unjust. See id. We conclude that the
proof of guilt is not so outweighed by proof of innocence as to undermine confidence
in the jury’s determination. See id.
          We overrule appellant’s first, second, and fourth points of error.
Conclusion
          We affirm the judgment of the trial court.




                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).